## J. M. REID V. THE STATE.

### No. 9761. Delivered May 12, 1926.

### Rehearing denied November 3, 1926.

**1.—Rape—Evidence—Held, Res Gestae—Properly Admitted.**

Where, on a trial for rape, it being shown that prosecutrix was then dead, there was no error in the trial court permitting the mother of the deceased prosecutrix to relate in detail the complaint made to her by her daughter, after being away from home with appellant for about two hours, of his attack and ravishment of her while away, and the condition she was in, together with the condition of her clothing and of her body, corroborative of her claim of having been assaulted.

**2.—Same—Venue—Sufficiently Established.**

The venue, like any other essential part of a case, may be proven by circumstantial evidence, and under the undisputed facts disclosed in this record, the jury were fully warranted in holding that the offense was committed in Dallas County.

ON REHEARING.

**3.—Same—Res Gestae—Rule Stated.**

It is well settled in this state that recent complaint of prosecutrix, her state and appearance, marks of violence, and the condition of her clothing, shortly after the alleged occurrence may be proven as original evidence. The evidence in this case, aside from the declarations of the prosecutrix made to her mother, is ample to establish the fact that she had been carnally assaulted shortly before her statement to her mother, admitted as res gestae.

**4.—Same—Evidence—Held, Sufficient.**

Aside from the res gestae declarations of prosecutrix, it was shown that an examination was made of her person and clothing shortly after the alleged assault, that she was with appellant during the time in which the assault was said to have occurred, and her statement that she resisted the assault, and fought appellant to prevent him from accomplishing his purpose, were corroborated by the condition of appellant's face the morning after the assault, and appellant's motion for rehearing is overruled.

Appeal from the Criminal District Court No. 2 of Dallas County. Tried below before the Hon. C. A. Pippen, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The opinion states the case.

*Chaney & Dailey,* and *Baskett & De Lee* of Dallas, for appellant. On corroboration of prosecutrix, appellant cites:

Rogers v. State, 1 Tex. Crim. App. 191.
Lawson v. State, 17 Tex. Crim. App. 304.
Arnett v. State, 40 Tex. Crim. Rep. 617.
Branch's Crim. Law, rape, 450.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is rape, and the punishment is five years in the penitentiary.

The facts in the instant case are somewhat peculiar in that the prosecutrix was dead at the time of the trial and not having formerly testified in the case or on an examining trial her testimony was not available to the state. In these circumstances, the state relied on the alleged res gestae statements made by the prosecutrix to her mother the night the offense is alleged to have been committed to make a case.

The prosecutrix's mother testified that the defendant came to her house for her daughter on the night the offense is alleged to have been committed and that prosecutrix and appellant left her home in a roadster automobile at about 8:20 o'clock and returned about 10:15 or 10:20 o'clock the same night. She further testified that when she opened the door to receive her daughter she noticed that the daughter was very much excited and threw up her hands and when asked what was the matter, she replied, "He raped me, he raped me; he done it to me twice, he done it to me twice." That her daughter then told her that they went out on the West Dallas Pike and when appellant was attempting to have intercourse with her she screamed and fought him and bit him and that he told her nobody would hear her and that she asked him what about that house and he said there was nobody in that house and that her daughter said that appellant threw her clothes up and he had her right arm under her and he put her down on the seat with her right arm under her. Both times she was in that condition; he got hold of her and got her on her back in the seat and got her right arm under her and that prosecutrix told the witness that she did all in her power to prevent the act of intercourse.

Appellant contends that this testimony of the mother of the prosecutrix was not admissible as a part of the res gestae and on the solution of this question the case largely depends. We are not in accord with appellant's contention. On the contrary we believe that the testimony as detailed by the mother meets

every requirement of a res gestae statement. The parties were gone from the home of the witness for not more than two hours. When they returned the prosecutrix was in a state of nervous excitement and if her mother's testimony is true, was crying and very much agitated when the statements detailed by the mother were made to her. If two acts of intercourse had taken place, they had taken place since the parties had left home and within a period of time not exceeding two hours. Under the very nature of things we are forced to conclude that there was not a great deal of time elapsing between the last act of intercourse and the time when prosecutrix made the statement in question to her mother.

There is some testimony in the record to the effect that about 10:45 o'clock on the night in question the appellant and some young lady were served with cold drinks at a drug store in Dallas. It is appellant's contention that this girl was the prosecutrix. We do not think the evidence is at all conclusive that if any girl was with appellant at the drug store on this night that it was prosecutrix, if it be conceded that it was she, then it is not necessary to decide whether this fact alone would take the testimony above detailed out of the rule of res gestae. The witness who testified that appellant and a girl were served with cold drinks by him that night claimed that he spoke in a general way to the girl and declares that she did not appear to be excited but adds that she seemed very nice and was kinder quiet. He does not detail any of the acts or conversation had with the girl.

The record further discloses that the prosecutrix bit the appellant in the face the night in question and this statement is corroborated by other testimony to the effect that the appellant's face bore the marks of a tooth the next day.

The record also shows that the mother of the prosecutrix called a physician on the night in question and this witness testified that he examined prosecutrix between 10 and 11 o'clock and that her under-clothes were soiled and that he found that the private parts of prosecutrix had been entered. That he saw discolored parts and that she was torn and that there was discolored places and clotted blood around the hymen. This physician testifies that to the best of his knowledge she had had intercourse that night. We think that under the facts above detailed the jury was amply warranted in believing that the state had made a prima facie case against the appellant.

Appellant offered no explanation of the facts detailed above,

and in view of this condition of the record we think the verdict rendered was not unwarranted by the facts.

. Complaint is also made of the fact that the state failed to prove that the offense took place in Dallas County. The mother of the prosecutrix testified that prosecutrix said in her res gestae statement that the offense took place on the West Dallas Pike. The record discloses that the West Dallas Pike extends from the city of Dallas in the direction of the city of Fort Worth, and along said highway it is about fourteen miles from Dallas to the Tarrant County line. If the state's theory is true this entire transaction happened within a space of time not exceeding two hours. Venue, like any other essential part of a case, may be proved by circumstantial evidence, and we think the jury was not without warrant in concluding under the facts in this case that the offense took place in Dallas County. There are various other complaints contained in this record, but after a careful examination of same we believe they are without merit.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

. LATTIMORE, JUDGE.—Appellant contends in his motion that the statements made by the injured girl to her mother immediately upon her return from her excursion with appellant, during which it is claimed he assaulted and raped her, should have been rejected because, as he now asserts, there was no testimony, aside from the res gestae statements of said girl, if such they be, supporting the proposition that she had been raped. Branch's Ann. P. C., Sec. 1784, cites many authorities as sustaining the proposition that "Recent complaint of prosecutrix, her state and appearance, marks of violence, and the condition of her clothing shortly after the alleged occurrence, may be proven as original evidence." See also Grace v. State, 90 Tex. Crim. Rep. 329; McIntosh v. State, 85 Tex. Crim. Rep. 417. Without discussing the abstract principle as to whether res gestae statements are admissible in the absence of any proof supporting the main fact from which they are supposed to derive their admissibility, we observe that in the case before us it was shown otherwise than by the res gestae statement that prosecu-

trix went out at night in a car with appellant ostensibly to go to a picture show; that within less than two hours of her leaving, appellant brought her back to the house in a car; that immediately upon her appearance in the house she was seen to be excited, threw up her hands, and her mother said she looked as though she was sick, and between sobs told her story. The mother testified that her daughter's clothing, which were fresh and clean when the girl dressed for her drive, were soiled, wet and torn when she got back. A doctor examined the girl that night and stated that her private parts had been entered, that she was torn, that her private parts were discolored, and that clotted blood was around the hymen, the condition found by him leading the doctor to conclude that she had had intercourse that night for the first time. Referring to the statements made by the girl to her mother immediately upon her entrance into the house, the mother said her daughter told her that she fought appellant and bit him in her efforts to protect herself. The officer who arrested appellant the next morning said the latter had marks and scars on his face and the print of teeth on his right cheek where he had been bitten. He also swore that appellant tried to escape after his arrest. With these cogent facts in the record we deem it not necessary to discuss the abstract question above referred to. In our opinion the evidence was sufficient, and we also think that the res gestae statements may be considered with the other evidence before the court and jury in determining the fact that the crime was committed and by the accused.

Appellant complains because we did not discuss his ninth and tenth assignments of error. We are not referred to any portion of the record, nor to any bill of exceptions. This court has often expressed itself as declining to consider matters presented only upon assignments of error, calling attention to the fact that we pass on errors presented by bills of exception. We have, however, again examined the entire record and are satisfied that the case was properly disposed of in our original opinion.

The motion for rehearing will be overruled.

*Overruled.*